IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

LARRY J. NOEL,

     Petitioner,

vs.                         Case No. 10-2295-STA/cgc

JOSEPH EASTERLING,

     Respondent.

ORDER OF DISMISSAL
ORDER DENYING CERTIFICATE OF APPEALABILITY
AND
ORDER CERTIFYING ANY APPEAL NOT TAKEN IN GOOD FAITH

On April 20, 2010, Petitioner Larry J. Noel, inmate registration number 379050, an inmate at the Hardeman County Correctional Facility in Whiteville, Tennessee, filed this petition under 28 U.S.C. § 2254. Petitioner Noel was indicted in 2002 for aggravated assault. On June 7, 2002, Noel was convicted of the offense of simple assault in Lauderdale County General Sessions Court and sentenced to a term of eleven months and twenty-nine days.

In 2008, Noel filed a state habeas petition, alleging that his sentence was illegal because the trial court was without jurisdiction or authority to sentence him to eleven months and twenty-nine days for a felony conviction. The state court determined that Petitioner was convicted of simple assault, not a felony offense, and further, that Petitioner's sentence had expired

and he was no longer restrained of his liberty based on that conviction. Petitioner appealed and the Tennessee Court of Criminal Appeals determined that because Noel's sentence for assault expired, the issue was moot and affirmed the judgment of the trial court. Noel v. Easterling, 2009 WL 537514 (Tenn. Crim. App. Mar. 2, 2009).

Petitioner Noel has now filed this federal habeas petition alleging that the state court lacked subject matter jurisdiction to impose his sentence. Petitioner requests that this court vacate the judgment of the Lauderdale County General Sessions Court.

The federal habeas statute gives the United States district courts jurisdiction to entertain petitions for habeas relief only from persons who are "in custody in violation of the Constitution or laws or treaties of the United States." See 28 U.S.C. § 2241(c)(3). A prisoner need not be physically confined in jail or prison to challenge his conviction or sentence in a habeas corpus proceeding. See Mabry v. Johnson, 467 U.S. 504, 506 n. 3 (1984)(prisoner's § 2254 action was not moot despite the fact that he had been paroled)(citing Jones v. Cunningham, 371 U.S. 236 (1963)); see also Garlotte v. Fordice, 515 U.S. 39, 45-47 (1995)(prisoner serving consecutive sentences is in custody for all of those sentences in the aggregate, and may attack the sentence scheduled to run first, even after it has expired, until all the consecutive sentences have been served). The United States Supreme

2

Court has "never held however, that a habeas petitioner may be 'in custody' under a conviction when the sentence imposed for that conviction has *fully expired* at the time his petition is filed." Maleng, 490 U.S. at 491. "The federal habeas statute gives the United States district courts jurisdiction to entertain petitions for habeas relief only from persons who are '*in custody* in violation of the Constitution or laws or treaties of the United States.'" Id. at 490(quoting 28 U.S.C. § 2241(c)(3)).

Noel was sentenced to eleven months and twenty-nine days in 2002, thus, indicating the expiration of his sentence in 2003. He filed this federal habeas petition in 2010. According to the opinion of the Tennessee Court of Criminal Appeals, Noel is now confined as a result of an effective twenty-three year sentence for 2005 convictions for attempted first degree murder, aggravated assault, retaliation for past action, unlawful possession of a weapon, and driving on a revoked license. See Noel v. Easterling, 2009 WL 537514 at *2.

Noel has fully served his sentence for the 2002 conviction at issue and does not alleges that the challenged conviction was used to enhance the sentence which he is currently serving. Accordingly, under the plain language of Maleng, he is not "in custody" for the state conviction that his petition directly challenges and this Court does not have subject matter to consider this petition. Because the petition is devoid of substantive merit,

3

disposition of this petition without an evidentiary hearing is proper.  Rule 8(a), Rules Governing Section 2254 Cases in the United States District Courts. The petition is DISMISSED. The Clerk shall enter judgment for Respondent.

The Court must also determine whether to issue a certificate of appealability ("COA").  Twenty-eight U.S.C. § 2253(a) requires a district court to evaluate the appealability of its decision dismissing a § 2254 habeas petition and to issue a certificate of appealability ("COA") only if "the applicant has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2); see also Fed. R. App. P. 22(b); Lyons v. Ohio Adult Parole Auth., 105 F.3d 1063, 1073 (6th Cir. 1997)(district judges may issue certificates of appealability).  No § 2254 petitioner may appeal without this certificate.

In Slack v. McDaniel, 529 U.S. 473, 483-84 (2000), the Supreme Court stated that § 2253 is a codification of the standard announced in Barefoot v. Estelle, 463 U.S. 880, 893 (1983), which requires a showing that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were "'adequate to deserve encouragement to proceed further.'"  Slack, 529 U.S. at 484 (quoting Barefoot, 463 U.S. at 893 & n.4).

The Supreme Court has cautioned against undue limitations on the issuance of certificates of appealability:

> [O]ur opinion in Slack held that a COA does not require
> a showing that the appeal will succeed. Accordingly, a
> court of appeals should not decline the application of a
> COA merely because it believes the applicant will not
> demonstrate an entitlement to relief. The holding in
> Slack would mean very little if appellate review were
> denied because the prisoner did not convince a judge, or,
> for that matter, three judges, that he or she would
> prevail. It is consistent with § 2253 that a COA will
> issue in some instances where there is no certainty of
> ultimate relief. After all, when a COA is sought, the
> whole premise is that the prisoner "'has already failed
> in that endeavor.'"

Miller-El v. Cockrell, 537 U.S. 322, 337 (2003) (quoting Barefoot,

463 U.S. at 893). Thus,

> [a] prisoner seeking a COA must prove "'something more
> than the absence of frivolity'" or the existence of mere
> "good faith" on his or her part. . . . We do not require
> petitioners to prove, before the issuance of a COA, that
> some jurists would grant the petition for habeas corpus.
> Indeed, a claim can be debatable even though every jurist
> of reason might agree, after the COA has been granted and
> the case has received full consideration, that petitioner
> will not prevail.

Id. at 338 (quoting Barefoot, 463 U.S. at 893); see also id. at 342

(cautioning courts against conflating their analysis of the merits

with the decision of whether to issue a COA; "The question is the

debatability of the underlying constitutional claim, not the

resolution of that debate.").[1]

   In this case, the issue presented by Petitioner's petition is

without merit for the reasons previously stated. Because he cannot

present a question of some substance about which reasonable jurists

---

[1] The Supreme Court also emphasized that "[o]ur holding should
not be misconstrued as directing that a COA always must issue." Id. at 337.
Instead, the COA requirement implements a system of "differential treatment of
those appeals deserving of attention from those that plainly do not." Id.

could differ, the Court DENIES a certificate of appealability.

The Sixth Circuit has held that the Prison Litigation Reform Act of 1995, 28 U.S.C. § 1915(a)-(b), does not apply to appeals of orders denying § 2254 petitions. Kincade v. Sparkman, 117 F.3d 949, 951 (6th Cir. 1997). Rather, to appeal in forma pauperis in a § 2254 case, and thereby avoid the $455 appellate filing fee required by 28 U.S.C. §§ 1913 and 1917, Petitioner must seek permission from the district court under Federal Rule of Appellate Procedure 24(a). Kincade, 117 F.3d at 952. Rule 24(a) provides that a party seeking pauper status on appeal must first file a motion in the district court, along with a supporting affidavit. Fed. R. App. P. 24(a)(1). However, Rule 24(a) also provides that, if the district court certifies that an appeal would not be taken in good faith, or otherwise denies leave to appeal in forma pauperis, Petitioner must file his motion to proceed in forma pauperis in the appellate court. See Fed. R. App. P. 24(a)(4)-(5).

In this case, for the same reasons the Court denies a certificate of appealability, the Court determines that any appeal would not be taken in good faith. It is therefore CERTIFIED, pursuant to Fed. R. App. P. 24(a), that any appeal in this matter would not be taken in good faith, and leave to appeal in forma pauperis is DENIED. If Petitioner files a notice of appeal, he must also pay the full $455 appellate filing fee or file a motion

to proceed <u>in</u> <u>forma</u> <u>pauperis</u> and supporting affidavit in the Sixth Circuit Court of Appeals within thirty (30) days.

IT IS SO ORDERED this 15th day of January, 2011.

**s/ S. Thomas Anderson**

S. THOMAS ANDERSON
UNITED STATES DISTRICT JUDGE

7